UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
(Norfolk Division)

UNITED STATES OF AMERICA

v.                                             Docket No. 2:15CR00158-002

HENRY LEE GIDDENS,

       Defendant.

## POSITION OF THE DEFENDANT
## WITH RESPECT TO SENTENCING FACTORS

COMES NOW, Henry Lee Giddens, by counsel, in accordance with Rule 32 of the Federal Rules of Civil Procedure, pursuant to § 6A1.2 of the Sentencing Guidelines and Policy Statements and this Court's Sentencing Procedures Order, respectfully states that he has received and reviewed the Presentence Investigation Report ("PSR") prepared in this case. Giddens objects to the PSR in so far as it seeks to increase the sentencing guidelines by including drug quantities allegedly sold or distributed by him based on the U.S. Probation Office's independent investigation and not based on the facts contained within the Statement of Facts.  (PSR ¶ 20 & 22).  Giddens does not believe the evidence will support these additional amounts.  See Fed. R. Crim. P. 32(i)(3)(B); *United States v. Young,* 414 Fed. App. 541 (4th Cir. 2011).  See also *United States v. Louchart,* 680 F.3d 635, 640 (6th Circuit 2012)(Government must present evidence supported by a preponderance of the evidence

1

on any disputed portion of the presentence report which affect sentencing). Giddens has no other outstanding objections. The defendant respectfully submits that due to Mr. Giddens' life history and the surrounding facts of his case a sentence of the minimum applicable guideline of 37 months plus 60 months consecutive (97 months total) imprisonment is sufficient, but not greater than necessary, to accomplish the goals of 18 U.S.C. § 3553(a).

I. <u>STATUTORY GUIDELINES OVERVIEW</u>

Mr. Giddens comes before the Court for sentencing on one count of conspiracy to manufacture, distribute, and possess with Intent to Manufacture and Distribute Controlled Substances, in violation of 21 U.S.C. § 846, 841(a)(1), and 841(b)(1)(B), and one count of possession of firearms in furtherance of, and using and carrying firearms during and in relation to, one or more drug-trafficking crimes, in violation of 18 U.S.C. § 924(c)(1)(A). The United States Probation Officer has calculated the guideline range of 37 – 46 months, plus 60 months consecutive if sentenced based on the drug amounts contained within the Statement of Facts (Total Offense Level 21; Criminal History Category I). The United States Probation Officer has calculated the guideline range of 70 – 87 months, plus 60 months consecutive if sentenced is based on the U.S. Probation Office's independent investigation of the drug amounts (Total Offense Level 27; Criminal History Category I). Giddens objects to this alternative sentencing calculation.

II. <u>ARGUMENT</u>

<u>§ 3553(a) Factors as Applied to Mr. Giddens</u>

United States District Courts must impose the *least* amount of imprisonment necessary to accomplish the purposes of sentencing set forth in 18 U.S.C. § 3553(a). In determining the sentence to be imposed, the factors under the Court's consideration include: (1) the nature and circumstances of the offense, and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense and to deter criminal conduct in the future; (3) the kinds of sentence and the sentencing range established for the particular offense; and (4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar crimes. Mr. Giddens respectfully submits that a sentence of the minimum applicable guideline of 37 months plus 60 months consecutive (97 months total) imprisonment would be appropriate in light of the § 3553(a) factors.

<u>The Sentencing Guidelines are Advisory</u>

In *United States v. Booker*, the Supreme Court held that sentence guidelines are merely advisory. 543 U.S. 220 (2005). This decision was expanded with *Nelson v. United States*, where the Court decided that not only are guidelines "not mandatory on sentencing courts; they are not presumed reasonable". 129 S.Ct. 890, 892 (2009). In fact, the guidelines only "reflect a rough approximation of sentences that might achieve § 3553(a) objectives". *Rita v. United States*, 551 U.S. 338, 350 (2000). "Extraordinary circumstances [are not required] to justify a sentence outside the guideline range". *Gall v. United States*, 128 S.Ct. 586, 595 (2007). Instead of following the guidelines meticulously, the sentencing court should now use them simply as an advisory tool that should be considered together with the

statutory consideration set forth in § 3553(a). *Gall*, 128 S.Ct. at 602. If the defendant is less culpable than the guidelines take into account, then the Court may sentence below the guideline range. *United States v. Pauley*, 511 F.3d 468, 473, (4th Cir. 2007).

<u>Nature and Circumstances of the Offense and</u>
<u>History and Characteristics of Defendant</u>

Mr. Giddens is a 38 year old man. (PSR ¶ 50). Mr. Giddens reports that he lost his way when his father passed and subsequently lost interest in his business. (PSR ¶ 50). Mr. Giddens started abusing prescription pills such as Vicodin and Percocet at age 36, shortly after his father passed away. (PSR ¶ 60.) Mr Giddens recalls using four pills daily, and when he "ran out of pills, felt sick." (PSR ¶ 60). Mr. Giddens abused prescription pills until he progressed to using heroin, all within the months of April 2014 though December 2014. (PSR ¶ 60). Mr. Giddens attempted to stop using illicit drugs when he voluntarily commenced a drug treatment program with Affinity Healthcare Group in Virginia Beach, Virginia. (PSR ¶ 61). Although Mr. Giddens tested positive for cocaine and opiates during his treatment, he made progress stabilizing in using methadone and reducing his illicit drug use. (PSR ¶ 61). Since 2003 and until his arrest, Giddens was the owner and operator of Norfolk Tire and Rims at 5045 East Princess Ann Road in Norfolk, Virginia, where he supervised one employee. (PSR ¶s 66).

Mr. Giddens pled guilty to the above offenses quickly, thus saving the Government's and this Court's resources. Furthermore, Mr. Giddens has expressed his remorse, accepted responsibility for his involvement in this incidence, and would like the chance to correct his

mistakes. Mr. Giddens is willing and requests the opportunity to attend substance abuse counseling and would like to remain drug free.

### Need for Sentence Imposed to Reflect the Seriousness of the Offense and to Deter Criminal Conduct

The § 3553(a)(2) factors take into account the need for the sentence to reflect the seriousness of the crime and to deter future criminal conduct. The offense before the Court is a conspiracy that occurred from approximately October 2014 until December 2015. Mr. Giddens supplied approximately ½ gram to 2 grams of heroin on approximately a daily basis to co-conspirator who in return would provide Mr. Giddens with stolen goods.

Mr. Giddens has no appreciable criminal record, other than the current charges brought against him. Mr. Giddens hopes to restart his life while he is incarcerated.

### The Kinds of Sentence and Sentencing Range Established and the Need to Avoid Unwarranted Sentencing Disparities

When considering the sentencing guidelines range for Mr. Giddens, the Court must remember that "the guidelines are only one of the factors to consider when imposing sentence . . ." *Gall v. United States*, 128 S.Ct. 586, 596 (2007). Mr. Giddens pled guilty to the above offenses quickly, is remorseful for his actions, accepts responsibility for his involvement in this incident, and would like the chance to correct his mistakes. There were no aggravating factors and no violence involved. Given Mr. Giddens' characteristics and role in the offense, a sentence of the minimum applicable guideline of 37 months plus 60 months consecutive (97 months total) imprisonment would comply with the purposes of 18 U.S.C. § 3553(a).

## CONCLUSION

The calculated guideline range of the minimum applicable guideline of 37 months plus 60 months consecutive (97 months total) imprisonment is sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553(a).  For the reasons stated above, Mr. Giddens respectfully requests that the Court impose a sentence of the minimum applicable guideline of 37 months plus 60 months consecutive (97 months total) imprisonment, followed by 5 years of supervised released.

Respectfully submitted,

**HENRY LEE GIDDENS**

/s/ Jonathan L. Stone
Jonathan L. Stone (VSB #75483)
NORRIS & ST. CLAIR, P.C.
2840 S. Lynnhaven Road
Virginia Beach, VA  23452-6715
Telephone:     757/498-7700
Facsimile:       757/498-7744
Email: jstone@norrisstclair.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of April 2016, I will electronically file the foregoing to the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Andrew C. Bosse
Assistant United States Attorney
United Attorney's Office
101 W. Main Street, Suite 8000
Norfolk, VA  23510

I HEREBY CERTIFY that on this 20th day of April 2016, I sent by electronic mail a true and correct copy of the foregoing to the following:

Carmen I. Perez
U. S. Probation Officer
600 Granby Street, Suite 200
Norfolk, VA  23510

/s/ Jonathan L. Stone
Jonathan L. Stone (VSB #75483)
NORRIS & ST. CLAIR, P.C.
2840 S. Lynnhaven Road
Virginia Beach, VA  23452-6715
Telephone:    757/498-7700
Facsimile:      757/498-7744
Email: jstone@norrisstclair.com